(iv)    Defendants' bad faith in continuing to use its infringing marks, despite its knowledge of the registered status of Plaintiff's marks and the fact that Plaintiff had asked it to stop such usage.

86.    Defendants' acts of trademark infringement have been committed with the intent to cause confusion and mistake, and to deceive.

87.    At all material times, Plaintiff has displayed its marks with a symbol or symbols giving notice that its marks are registered with the PTO, and articles which appear in newspapers and periodicals and which display Plaintiff's marks consistently display the trademark indicia and notice quoted above.

88.    Plaintiff has repeatedly requested that Defendants cease and desist from their acts of trademark infringement and has given Defendants actual notice of the fact that Plaintiff's marks are registered and that Defendants' acts have caused confusion. Defendants have nonetheless refused to cease their infringement.

89.    Defendants have infringed on Plaintiff's marks as alleged herein with the intent to deceive the public into believing the goods and services sold by Defendants are provided by, approved by, sponsored by or affiliated with Plaintiff.

## COUNT TWO
### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))

90.    The allegations set forth in paragraphs 1 though 89 are incorporated by reference.

91.    Defendants' conduct in using their infringing mark has caused confusion and mistake and has deceived, and will continue to do so.

92.    Defendants' acts of trademark infringement have been committed with the intent to cause confusion and mistake, and to deceive.

93.     Defendants have unfairly competed with Plaintiff as alleged herein with the intent
to deceive the public into believing the services offered by Defendants are provided by, approved
by, sponsored by or affiliated with Plaintiff.

## COUNT THREE
### (Trademark Dilution Under the Lanham Act, 15 U.S.C. § 1125(c))

94.     The allegations set forth in paragraphs 1 through 93 are incorporated by reference.

95.     Plaintiff's marks BEST DOCTORS and THE BEST DOCTORS IN AMERICA
are distinctive and famous marks. As detailed above, these marks have acquired distinctiveness,
have long been used in connection with Plaintiff's goods and services, have long been used in
extensive advertising and promotion throughout the United States and internationally, are in
substantially exclusive use, and are federally registered.

96.     Defendants have made commercial use of the marks owned by Plaintiff in
connection with goods and services which Defendants have offered for sale and sold in United
States interstate commerce.

97.     Defendants' unlawful acts were commenced and committed from a time after
Plaintiff's marks became famous.

98.     Defendants' acts are in violation of § 43(c) of the Lanham Act in that such acts
have caused dilution of the distinctive quality of Plaintiff's famous marks, BEST DOCTORS and
THE BEST DOCTORS IN AMERICA, thus causing irreparable injury and damage to Plaintiff.

99.     Defendants' acts have lessened the capacity of Plaintiff's famous marks to identify
and distinguish the goods and services of Plaintiff. Defendants' acts have blurred the unique
association which exists between Plaintiff's marks and Plaintiff's goods and services.

100.    Defendants' conduct has tarnished the image of high quality and integrity which
Plaintiff has spent millions of dollars to develop in connection with its marks.

101.    Defendants committed these acts willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of Plaintiff's famous marks.

## COUNT FOUR
## (Violation of Massachusetts Unfair Competition Law, Mass. G.L. c. 93A)

102.    The allegations set forth in paragraphs 1 through 101 are incorporated by reference.

103.    At all relevant times, Plaintiff and Defendants have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts, and Defendants' actions constituting unfair competition took place primarily and substantially in the Commonwealth of Massachusetts.

104.    By their conduct as set forth above, Defendants have willfully or knowingly engaged in unfair and deceptive acts and practices in violation of G.L. c. 93A, §§ 2 and 11.

105.    Defendants have unfairly competed with Plaintiff as alleged herein with the intent to deceive the public into believing the services sold and offered for sale by Defendants are provided by, approved by, sponsored by or affiliated with Plaintiff.

106.    As a result, Plaintiff has suffered harm and damages for which Defendants are liable.

## COUNT FIVE
## (Tortious Interference With Prospective Economic Advantage)

107.    The allegations set forth in paragraphs 1 through 106 are incorporated by reference.

108.    Plaintiff has had and will continue to have a reasonable expectation of economic advantage with respect to sales of its physician directories, physician-referral services, and decorative plaques to consumers and to physicians.

109.    Defendants have interfered intentionally and with malice with Plaintiff's prospective economic advantage, as described above.

110.    Defendants' interference has proximately caused the loss of Plaintiff's prospective

gain.

## COUNT SIX
### (Conversion)

111.    The allegations set forth in paragraphs 1 through 110 are incorporated by
reference.

112.    Plaintiff has had the right to immediate possession of these marks.

113.    Defendants have wrongfully, intentionally and in bad faith interfered with
Plaintiff's right, as described above.

114.    Plaintiff has been damaged as a proximate result of such interference.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor

and against Defendants on all Counts for (1) a permanent injunction enjoining and restraining

Defendants and their agents from (a) directly or indirectly using the terms BEST DOCTORS,

BETTERLIVING'S BEST DOCTORS, or BETTERLIVING'S BEST DOCTORS ONLINE, or

any other mark, word, or name similar to Plaintiff's marks which is likely to cause confusion or

mistake or to deceive; (b) offering physician directories, physician-referral services, and

decorative plaques for sale to third parties in conjunction with Plaintiff's trademarks or any

confusingly similar trademark; (c) ordering Defendants to destroy all materials bearing the mark

BEST DOCTORS or any similar mark, word or name; (3) damages; (4) treble damages on

Plaintiff's claims under the Lanham Act and the Massachusetts unfair competition statute; (5)

attorneys' fees on Plaintiff's claims under the Lanham Act and the Massachusetts unfair

competition statute; (6) punitive damages on Plaintiff's state common law claims; (7) interest; (8)

costs; and (9) such other and further relief as the Court deems just and proper.

- 21 -

By: _____
Sean Ploen, Esq. (BBO # 641279)
BOSTON LAW GROUP, LLP
20 Park Plaza, Suite 637
Boston, MA  02116
Tel. (617) 426-6800
Attorney for Plaintiff

Dated:  June 15, 2004

# EXHIBIT A

# BetterLiving Online

www.betterlivingmagazine.com

Select An Area



**Multimedia Consultants, Inc.**
P.O. Box 1382
Ballston Lake,
New York 12019

1.888.228.8386 [toll free]
1.518.384.1990 [local]
1.518.384.3360 [fax]

General E-mail: editors@betterlivingmagazine.com

**Sales**
Don Webster, President- dwebster@betterlivingmagazine.com
Bob Peterson, Vice President- bpeterson@betterlivingmagazine.com
Mike Gugliemelli, Managing Editor- mikeg@betterlivingmagazine.com

**Office**
Christi DiNinni, Art Department- art@betterlivingmagazine.com
Dan Goodspeed, Webmaster- art@betterlivingmagazine.com
Doreen M. Basile, Danette Webster- Consulting Staff



# *BetterLiving Online*

www.betterlivingmagazine.com

About Us

En Español

Contact Us

Listing Request

Select An Area ▼



## Welcome to

## Rhode Island/Cape Cod

### and Surrounding Areas

## *BetterLiving Online*

**Serving the state of Rhode Island and Bristol, Dukes, Barnstable, and Nantucket counties in MA.**



*BetterLiving's*
*Choice Doctors*        *The Magazine of Choice*

*Search* **this region** ▶   Best Doctors ▼

### Rhode Island /Cape Cod



 *BetterLiving Online*

www.betterlivingmagazine.com

About Us

En Español

Contact Us

Legend

Listing Request

Select An Area



**Rhode Island/Cape Cod**    Select A Category



The following *Best Doctors* represent a small portion of doctors who have been nominated by a fellow doctor. Our nomination staff will also carefully consider other qualifications such as *American Board Certified*, years in practice, and if their names appear in other professional publications such as *America's Top Doctors*.
If you know a doctor you would like to nominate, Click Here to go to the nomination form.

BetterLiving would like to thank them for their participation in this magazine, for their generosity and devotion to their practice.

- To see the definitions of the specialty categories, click here.

| Specialty | Best Doctor |
|---|---|
| **Cardiology** | Zia Kidwai, MD, FACC<br>300 Hanover St., Suite 2A<br>Fall River, MA..........(508) 679-7376 |
| **Cardiology** | Joseph Mazza, MD, FACC<br>68 Cumberland St, Suite 103<br>Woonsocket, RI 02895............(401) 762-3838 |
| **Orthopedic Surgery** | Dina H. Galvin, MD Board Certified<br>45 Resnik Rd., Suite 203<br>Plymouth, MA 02360..........(508) 746-5220 |
| **Orthopedic Surgery** | Christopher DiGiovanni, MD<br>Chief, Foot and Ankle Svc, Brown U/RIH<br>Providence, RI 02904..................(401) 277-0790 |

Marshall M. Taitz, DPM

**Podiatry**

Foot Health, Inc. Board Certified
164 Durfee St., Fall River, MA..........(508) 674-1400

**Surgery**

M. Robert Sandfort, MD
Board Cert. Gen/Colon/Rectal Surgery
1030 President Ave., Suite 126
Fall River, MA 02720..........(508) 235-6301

# EXHIBIT B

# BOSTON LAW GROUP, LLP

ATTORNEYS AT LAW

20 PARK PLAZA, SUITE 637
BOSTON, MASSACHUSETTS 02116

Main (617) 426-6800
Direct (617) 426-6809

Fax (617) 426-6802
sploen@bostonlawgroup.com

June 4, 2004

**Via Facsimile and First-Class Mail**
Mr. Donald Webster
President
Multimedia Consultants, Inc.
P.O. Box 1382
Ballston Lake, NY  12019

### RE:  Dispute between Multimedia Consultants. Inc. and Best Doctors. Inc.

Dear Mr. Webster:

Thank you for your telephone call this morning, which is the first response I have received to my letter to you of May 19, 2004. That telephone call followed my own conferences with Attorney Scott Paton (on May 19) and Catherine Burkly (on June 2), in which they told me that they were not representing you or Multimedia Consultants, Inc. in connection with the above-referenced matter. The purpose of this letter is to summarize our conversation and to respond to your proposed terms for settling this dispute.

You began by stating that both companies with which you are affiliated, Life Change Associates, Inc. and Multimedia Consulting, Inc., have been in existence for approximately three years. You stated that Life Change Associates currently is in bankruptcy proceedings, due in large part to $140,000 in accounts receivable which it has been unable to collect. You estimated that Multimedia Consulting, Inc., would have revenues of approximately $500,000 during calendar year 2004.

You also stated that Multimedia Consulting, Inc. publishes "BetterLiving Magazine" and distributes it to social workers, case managers, assisted-living providers, and in nursing homes, hospitals, and doctors' offices. You stated that this magazine contains a section entitled "BetterLiving's Best Doctors," and you acknowledged that the phrase "Best Doctors" continues to appear on the magazine's Web site at <betterlivingmagazine.com>, which is now operated by Multimedia. You also acknowledged that, as had Life Change Associates, Multimedia sells plaques bearing the phrase "Best Doctors" to physicians, and you stated that you had designed these plaques yourself.

You claimed that Multimedia is not using any assets of Life Change Associates, Inc., although when I asked about the domain name registration for <betterlivingmagazine.com> and the BETTERLIVING MAGAZINE trademark, you acknowledged that Multimedia was using

Mr. Donald Webster
June 4, 2004
Page Two

these assets.  You stated that the New York City edition of BetterLiving Magazine, which has an estimated annual circulation of 50,000 copies, is scheduled to go to press on Monday.

You also stated that you had no knowledge of Best Doctors, Inc. or its federally-protected rights to the BEST DOCTORS trademark at the time when Life Change Associates began using the trademarks BETTERLIVING'S BEST DOCTORS and BEST DOCTORS.

**If any of the above summary is incorrect, please let me know immediately.**

As I understand it, your settlement proposal is as follows:

1.  Multimedia Consultants, Inc. will immediately discontinue all use of the phrase BEST DOCTORS, including use on its Web site, in BetterLiving Magazine, on plaques, on stationery and business cards, and on any other media.

2.  Multimedia Consultants will immediately and temporarily transition to the trademark BETTERLIVING'S BETTER DOCTORS or BETTERLIVING'S BETTER CHOICE DOCTORS; before December 30, 2004, Multimedia will again transition, this time to the trademark BETTERLIVING'S CHOICE DOCTORS.

3.  Multimedia will include statements on its Web site and in BetterLiving Magazine to the effect that it is not affiliated with Best Doctors, Inc., and that consumers seeking additional information about physician referrals and second opinions should visit Best Doctors, Inc.'s Web site at <bestdoctors.com>.

4.  Multimedia will change the color scheme of its Web site from blue to green, matching BetterLiving Magazine's current green color scheme.

By way of preliminary response, Best Doctors, Inc. would be willing to agree to your use of the trademarks BETTERLIVING'S BETTER CHOICE DOCTORS and, ultimately, BETTERLIVING'S CHOICE DOCTORS, but it rejects the proposed "BETTER DOCTORS" formulation as being confusingly similar to BEST DOCTORS.  Best Doctors has elected to defer full consideration of your proposal, however, until it obtains additional information about the scope of your use of the phrase BEST DOCTORS through Life Change Associates, Inc. and Multimedia Consultants, Inc. **Please supply the following information to us by no later than 4:00 pm on Monday, June 7:**

Mr. Donald Webster
June 4, 2004
Page Three

1. The names and addresses of every individual physician, doctor's office, clinic, nursing home, assisted-living facility, or hospital to whom Life Change Associates and/or Multimedia Consultants, Inc., and/or any other person or entity with which you are affiliated, have distributed copies of BetterLiving Magazine;

2. The names and addresses of every individual physician, doctor's office, clinic, nursing home, assisted-living facility, or hospital who Life Change Associates and/or Multimedia Consultants, Inc., and/or any other person or entity with which you are affiliated, have solicited to purchase plaques bearing the phrase BEST DOCTORS;

3. The names and addresses of every individual physician, doctor's office, clinic, nursing home, assisted living facility or hospital who have in fact purchased such plaques;

4. An accounting of the total revenues received during the past three years by Life Change Associates and/or Multimedia Consultants, Inc., and/or any other person or entity with which you are affiliated, from the sale of such plaques;

5. The names and addresses of all third parties who have advertised in BetterLiving Magazine during the past three years;

6. An accounting of the total revenues received during the past three years by Life Change Associates and/or Multimedia Consultants, Inc. from such advertising; and

7. The name and address of the third party or parties who have manufactured and/or distributed plaques on behalf of Life Change Associates and/or Multimedia Consultants, Inc., and/or any other person or entity with which you are affiliated, bearing the trademark BEST DOCTORS.

If you do not provide this information before the Monday deadline, Best Doctors will act immediately to sue Multimedia Consultants, Inc., and you personally for trademark infringement, unfair competition and unfair trade practices, and fraudulent conveyance; it also will seek injunctive relief against any use of the phrase BEST DOCTORS by you or Multimedia, including such use in the New York City edition of BetterLiving Magazine.  Please contact me immediately if you have any questions concerning this matter.

Yours sincerely,

Sean Ploen

# BOSTON LAW GROUP, LLP

ATTORNEYS AT LAW

20 PARK PLAZA, SUITE 637
BOSTON, MASSACHUSETTS 02116

Main (617) 426-6800
Direct (617) 426-6809

Fax (617) 426-6802
sploen@bostonlawgroup.com

June 4, 2004

**Via Facsimile and First-Class Mail**
Mr. Donald Webster
President
Multimedia Consultants, Inc.
P.O. Box 1382
Ballston Lake, NY  12019

RE: **Dispute between Multimedia Consultants, Inc. and Best Doctors, Inc.**

Dear Mr. Webster:

This letter is to summarize our two telephone conversations of this afternoon. In response to my letter from earlier today, you first took the position that you were refusing to provide Best Doctors, Inc. with any of the information requested in that letter. In response to your concern that Best Doctors, Inc. would use such information for its own marketing or business-development purposes, I told you that Best Doctors needed to gauge the amount of damage caused by your use of the BEST DOCTORS trademark on plaques sold to physicians, in BetterLiving Magazine, and on your company's Web site, and I indicated that Best Doctors would be willing to agree not to use any such information for marketing purposes.

You also stated that in the last three years, your companies have sold approximately 200-300 plaques bearing the phrase BEST DOCTORS to physicians at a cost of $150 apiece.

You concluded the first conversation by stating that you were going to retain an attorney in this matter, and that it likely would be attorney Catherine Burkly of Burnt Hills, New York. You then stated that we would be hearing from that attorney before 4:00 pm on Monday, June 7, as to what information, if any, would be provided by you and your company.

You then telephoned again, asking if Best Doctors, Inc. would be willing to relinquish the claims it has against you and Multimedia Consultants, Inc., in exchange for your providing it with such information. I told you that Best Doctors could not agree to answer any settlement proposal until it had a chance to review this information, determine the amount of damage it has suffered, and obtain compensation for such damage. You indicated your willingness to discontinue all use of the BEST DOCTORS trademark, and stated that you yourself would

Mr. Donald Webster
June 4, 2004
Page Two

provide a written answer on Monday as to how much of the requested information you are
willing to provide to Best Doctors.

Yours sincerely,

Sean Ploen

## Corporate Disclosure Statement Pursuant to Local Rule 7.3

Pursuant to Local Rule 7.3, Best Doctors, Inc. ("Best Doctors") submits the following corporate disclosure statement:

Best Doctors, Inc. does not have any parent corporations, and no publicly held company owns ten percent (10%) or more of Best Doctors, Inc.'s stock.

By: _____

Sean Ploen, Esquire
BOSTON LAW GROUP, LLP
20 Park Plaza, Suite 637
Boston, MA  02116
Tel. (617) 426-6800
Fax (617) 426-6802
Attorney for Plaintiff
BBO # 641279

Dated:  June 15, 2004